FILED

JUL 19 2012

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF TENNESSEE

AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH R. LEINWEBER JR., | ) | |
| JANICE M. LEINWEBER | ) | |
| PRO SE | ) | |
| Plaintiffs, | ) | Case No. 3:12-CV-370 |
| Vs. | | |
| BANK OF NEW YORK MELLON | ) | |
| (BNY MELLON) Trustee for the | ) | |
| "Holder of " CWABS, INC. Asset- Backed | | |
| Certificates, Series 2007-12 | ) | |
| ("Foreclosing Entity") | ) | |
| Defendant | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC (MERS) | ) | |
| "Sole Nominee" | ) | |
| RUBIN LUBLIN, TN, PLLC, Representing | | |
| Bank of NY Mellon | ) | |
| Co- Defendants. | ) | |

1

# PETITION FOR QUIET TITLE

1. Plaintiffs, Joseph R. Leinweber Jr. and Janice M. Leinweber, are citizens of the United States and currently reside at 2606 Kings Point Rd, Knoxville, TN 37931.

2. The Plaintiffs are representing themselves Pro Se, and therefore are respectfully requesting the courts indulgence and reasonable latitude in that the Plaintiffs have a limited knowledge of court procedure and court established rules and that their filing of this petition in this jurisdiction is based on their Constitutional rights under 14th Amendment Section 1 which clearly states;

> *All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or <u>property,</u> without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

## JURISDICTION

4. Under the Federal Rules of Civil Procedure 57 for Declaratory Judgment for 28 U.S.C. §2201, the Plaintiffs are bringing this Petition for Quiet Title to seek from the court the right of Discovery of original documents verifying the lawful sale, purchase, lien and "Title" ownership of the Plaintiffs' property in question.

5. Furthermore since the parties named in the dispute are not incorporated in the state of Tennessee and their primary operations are not conducted within the state, Interstate commerce and banking affirm the jurisdictional authority of this court. This includes matters involving interstate and international commerce, including airline and railroad regulation. And cases involving securities and commodities regulation, including takeover of publicly held corporations

2

Case 3:12-cv-00370   Document 1   Filed 07/19/12   Page 2 of 6   PageID #: 2

## BASIS FOR PETITION FOR QUIET TITLE

7. A notice of Substitute Trustee Sale advertisement was posted in the Knoxville Journal dated Jun 22nd, Section C, Page 1, Column 75 indicating a foreclosure sale of the property in question on 19 July 2012 at 11:00 AM in the lobby of the Knox County City/County Building to be conducted by the Substitute Trustee, Rubin and Lublin. The notice goes on to say that the instrument appointing the Substitute Trustee **_will_** be filed for record in the Registers Office of Knox County, Tennessee.

8. The Plaintiffs, the Property Owners in Possession of the Property in question have been involved in an ongoing dispute with Defendants over standing, Property rights, contract law, electronic and paperwork transactions involving the property and mortgage contracts. The Plaintiffs have consistently and relentlessly pursued the identity of the person, persons or entity that is the underwriter/investor in plain language the person, persons, or entity that "put up" the money, the "holder" of the Promissory note and legitimate lienholder of the property in question entitled to payment of that loan.

## STATEMENT OF FACTS

9. On 5 February 2007 Plaintiffs secured refinancing of their home with Wilmington Finance, Inc. of Plymouth Meeting, PA.

10. Plaintiffs were notified by Wilmington Finance, Inc. in a letter dated 29 March 2007 that; *"YOU ARE HEREBY NOTIFIED that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred."*

    From:    Wilmington Finance, Inc.
    To:    COUNTRYWIDE HOME LOANs, INC
    Effective:    04/23/2007

**(Exhibit A)**

11. The Plaintiffs did without failure make payments monthly to Countrywide Home Loans, Inc., from April 1st 2007 to November 2008 in accordance with the original contract signed and agreed upon with Wilmington Finance, Inc.

12. Effective 5 February 2009 the Plaintiffs signed a Loan Modification Agreement with Countrywide Home Loans, Inc. after some financial setbacks, emergencies and Joseph lost his part time job due to cutbacks. Countrywide Home Loans, Inc. folks worked directly with the Plaintiffs to reach an affordable program. **(Exhibit B)**

13. An escrow account review dated 04/07/2009 reflects that Countrywide Home Loans, Inc. was the servicer and indicates payments and escrow balance were current. **(Exhibit C)**

14. Plaintiffs made payments to Countrywide Home Loans, Inc. from March 2009 to February 2010 at which time, without notice, the website where Plaintiffs made the monthly mortgage payment reflected the Bank of America (Here in after referred to as BoA) logo. The electronic record at the time was not accurate and after a conversation with a BoA representative Plaintiff was informed of the change and BoA was now servicing the accounts of Countrywide Home Loans, Inc.

15. Plaintiffs posted payment and planned on continuing payments based on the Loan Modification Agreement until questions arose as to BoA's assumption of the servicing, added charges and changes and a Notice of Intent to Accelerate foreclosure action dated 2 April 2010. This after several conversations with BoA customer service and other departments raised the concerns of the Plaintiffs as to the legitimacy of this change. **(Exhibit D)**

16. From May 2010 through to 2012 the Plaintiffs consistently and relentlessly demanded that BoA validate the debt and provide legal and lawful proof of their right to collect on behalf of the investor/mortgagor and the identity of the person, persons or entity to whom they owed the money. BoA began a series of transactions and manipulations of the Deed of Trust through the law firm listed among the defendants raising further suspicions.

17. Defendants assumed authority to Foreclose is based on a contract with Wilmington Finance, Inc. which is invalid based on the Loan Modification dated 5 February 2009.

The Plaintiffs respectfully request of the court a Declaratory Judgment in favor of the real property owners notwithstanding the presentation of a legal Promissory note wherein the

4

person, persons or entity named that can legally and lawfully claim to be the actual investor/underwriter and the holder of a valid contract and/or promissory note, Plaintiffs respectfully seek a declaratory judgment against the defendants barring and forever estopping the Defendants from having or claiming any right or title to the premises adverse to Plaintiffs.

Furthermore this petition for Quiet Title seeks to establish the true and actual ownership of the real property located at 2606 Kings Point Rd, Knoxville, TN 37931. The Defendants and co-Defendants have declared their legally defined roles and authority in so far as any action taken in regards to the property in question. Defining their roles as Trustee, Substitute Trustee without disclosure of the actual "holder" of the debt and the alleged title being tied to the CWABS, INC. Asset- Backed Certificates, Series 2007-12.

Signed this the __18th__ Day of July, 2012.

_____  _____
Joseph R. Leinweber Jr          Janice M. Leinweber
2606 Kings Point Rd             2606 Kings Point Rd
Knoxville, TN 37931             Knoxville, TN 37931
Cell # (865) 696-9350           Cell # (865) 696-9436

5

## List of Exhibits

1. Notice of Foreclosure Sale, Newspaper Ad and Letter from Rubin Lublin
A. Wilmington Finance Notice of Assignment, Sale or Transfer of Servicing Rights
B. Loan Modification Countrywide Home Loans, Inc.
C. Countrywide Home Loans, Inc. Escrow Account Review
D. Bank of America Notice of Intent to Accelerate